UNITED STATES DISTRICT COURT
SOUTERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DONALD FOREST, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:23-cv-131 |
| | ) |
| BAPTIST HEALTHCARE SYSTEM, INC, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, Donald Forrest ("Forrest"), brings claims against Defendant, Baptist Healthcare System, Inc. ("Defendant"), as follows:

## OVERVIEW

1. This Complaint arises under the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq. Forrest contends that Defendant failed to accommodate his disability that led to his separation.

## PARTIES

2. Forrest is an individual who, at all relevant times, worked out of Jeffersonville County, Indiana.

3. Forrest, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Forrest is 'disabled', has a record of being disabled, and/or was regarded as being disabled as that term is defined by the ADA.

4. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

1

## JURISDICTION

5. This Court has jurisdiction over Defendant pursuant to 42 U.S.C. §12117(a), and 28 U.S.C. §1331. Moreover, Forrest exhausted his administrative remedies as required by the ADA.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Southern District of Indiana.

## FACTS

7. Forrest began working as a Floor Tech with Defendant on December 4, 2017.

8. At all relevant times, Forrest met or exceeded Defendant's expectations of performance.

9. Forrest is disabled, has a record of being disabled, and/or Defendant perceived Forrest as being disabled and/or more disabled then he actually is.

10. On October 20, 2021, Forrest told his Director, Lamount Lee, that he had an auto-compromised situation and needed an accommodation

11. Forrest was told to go home and come back when he had a doctor's note.

12. Forrest confirmed that he could have a doctor's note by Monday.

13. That Friday, Lee called Forrest in to a meeting. Forrest was told that he had to perform his job duties without consideration for any accommodation. When he repeated he needed an accommodation, he was instructed to turn in his badge.

14. The accommodation only affected a small percentage of Forrest's duties.

15. Forrest has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

## COUNT I:  VIOLATIONS OF THE ADA

16. Forrest incorporates by reference paragraphs one 1 – 15 herein.

17. Defendant discriminated against Forrest by terminating his employment because of his disability(ies) and/or because they did not want to provide him an accommodation.

18. Forrest has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award his the following relief:

a. An order awarding Plaintiff lost wages and the liquidated value of any employment-related benefits;

b. An order awarding Plaintiff compensatory and punitive damages under the ADAaa;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff his attorney's fees;

e. A Declaration and finding by the Court that Defendant willfully violated provisions of the ADAaa; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700

Fax: (317) 342-2799
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff