UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DONALD FORREST, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAPTIST HEALTHCARE SYSTEM, INC., )<br>)<br>Defendant. ) | Case No. 4:23-cv-00131-TWP-KMB |

**ORDER ON DEFENDANT'S RULE 12(b)(5) MOTION TO DISMISS
FOR INSUFFICIENT SERVICE OF PROCESS**

This matter is before the Court on Defendant Baptist Healthcare System, Inc.'s ("Baptist Healthcare") Motion to Dismiss for Insufficient Service of Process (Filing No. 12), brought pursuant to Federal Rule of Civil Procedure 12(b)(5). For the reasons explained below, the Motion is **denied**.

### I. BACKGROUND

On August 4, 2023, Plaintiff Donald Forrest ("Forrest") filed a Complaint against Baptist Healthcare, alleging violations of the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213 (Filing No. 1). That same date, a civil summons was filed on the docket. (Filing No. 5). However, no return of service was filed within 90 days after the Complaint was filed, as required by Fed. R. Civ. P. 4(m).

On November 15, 2023, Forrest filed a Motion for Leave to Serve Complaint, explaining that he attempted service in September 2023, but it was returned by the United States Postal Service "[i]n early November" after the service period designated by Federal Rule of Civil Procedure 4(m) had expired. (Filing No. 8 at 1.) Forrest requested an additional fourteen days "from the date of [the Court's] Order" to perfect service on Baptist Healthcare. *Id.*

Granting Forrest's Motion for Leave, the Court extended the period by which to effect service in an Order filed the next day, November 16, 2023[1] (Filing No. 9). Forrest was required to perfect service "within 14 days of this Order," which meant he was to effect service on Baptist Healthcare by November 30, 2023. *Id*; *see* Filing No. 17 at 3.

On December 1, 2023, Baptist Healthcare received service of the Summons and Complaint (*see* Filing No. 13-2 at 2), of which the Court remained unaware since no proof of service was filed as required by Federal Rule of Civil Procedure 4(l). As such, the Court ordered Forrest to show cause why the Complaint should not be dismissed due to his failure to serve Baptist Healthcare within ninety days of filing this action. (*see* Filing No. 10). Forrest's counsel filed initial and supplemental responses (Filing No. 11; Filing No. 15), explaining that "[t]he Complaint was served on December 1, 2023. [Exhibit A]. While the postal carrier did not require the Registered Agent to date the green card, tracking information confirms delivery on this date", (Filing No. 15 at 1). Thereafter, counsel contracted COVID and was bedridden. *Id*. at 2. The show cause order was ultimately discharged (Filing No. 16).

On December 18, 2023, Baptist Healthcare filed the instant motion seeking dismissal of Forrest's Complaint because the service of process was perfected outside the ninety-day period. (Filing No. 12.)

## II. DISCUSSION

Rule 4(m) provides that if a defendant "is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, the "plaintiff shows

---

[1] The Court notes that November 16, 2023 Order was not entered onto the docket until the following day, November 17, 2023.

good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Extension for good cause "is mandatory," and "[g]ood cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). In contrast, "counsel's inadvertent failure to serve a defendant within the statutory period does not constitute good cause." *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988).

Forrest's counsel asserts that the failure to serve Baptist Healthcare resulted from his "inadvertence" (Filing No. 17 at 5). Counsel reports that he "used the wrong date to calculate that service was due on or before December 1, 2023" and just prior to the Court's order, he contracted COVID-19. *Id*. at 4. Although the Court is sympathetic that the miscalculation was partly attributable to counsel's contraction of COVID-19, this reason does establish "good cause" for the failure, and it is therefore not mandatory that the Court extend the deadline for service. *See Geiger*, 850 F.2d at 333.

This does not end the inquiry. If the Court finds Forrest can prove "excusable neglect," the Court may, in its discretion, grant an extension of time for service. *Coleman*, 290 F.3d at 934. While Rule 4(m) does not specify which factors the district court must consider in exercising discretion, a court may properly consider a variety of factors, including:

> (1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, (5) whether the defendant was eventually served, (6) whether plaintiffs ever requested an extension from the court due to difficulties in perfecting service, and (7) whether plaintiffs diligently pursued service during the allotted period.

*See Cardenas v. City of Chicago*, 646 F.3d 1001, 1006–1007 (7th Cir. 2011); *see also Cox v. Sherman Capital LLC*, 2015 WL 13629146, at *2 (S.D. Ind. Feb. 17, 2015) (citing *Cardenas*, 646

3

F.3d at 1006). The overall assessment should "consider the relative hardships of the parties . . . ." *Cardenas*, 646 F.3d at 1006 (citing *Coleman*, 290 F.3d at 934).

Baptist Healthcare argues that Forrest's "level of dilatoriness" warrants dismissal, pointing to both Forrest's initial attempt at service prior to the Court's fourteen-day extension, as well as the delay until November 28, 2023, to re-attempt service (Filing No. 13 at 5). Maintaining it never attempted to evade service, Baptist Healthcare contends that, although not prejudiced by it, the delay "was entirely within the reasonable control" of Forrest and his counsel. *Id.* at 6.

Forrest responds that a balance of the *Cardenas* factors favors a finding of excusable neglect. First, pointing to an exhibit that is absent in his filing, Forrest argues that he filed his ADA charges with the Equal Employment Opportunity Commission in May 2023, thereby placing Baptist Healthcare on notice of a possible lawsuit and negating any prejudice to its ability to defend itself (Filing No. 17 at 5) (citing "Exhibit B"). Second, no deadlines have yet been set in this matter and Baptist Healthcare "loses no resource to defend itself on the merits . . . ." *Id.* Third, counsel attempted service, filed a motion for leave to attempt service, and that service has now been perfected. *See id.* at 6. Finally, counsel argues that "[l]ess than perfect legal practices should not be construed to be one and the same as willful neglect" or "trump the majority of factors supporting a finding that dismissal creates a substantial hardship" on him. *Id.* at 7.

The Court notes that it extended the period by which to effect service to November 30, 2023 (*see* Filing No. 9). Forrest missed this extension by only a single day — a fact which the parties do not dispute and Baptist Healthcare's submissions demonstrate (*see* Filing 13-1). The Court also notes the circumstances involving Forrest's counsel's practice (sole practitioner without staff), as well as his COVID-19 sickness in the latter half of November that was beyond his control and rendered counsel "unable to return to work for a period of 8 days" (Filing No. 17-1, ¶ 12; *see*

4

*id.*, ¶¶ 9–13). Importantly, Baptist Healthcare concedes that it was not prejudiced by the delay in service of process (*see* Filing No. 13 at 6).

At the same time, however, the Court acknowledges that, faced with an imminent deadline, Forrest's counsel "elect[ed] to attempt" service by certified mail — after the same method had proved futile previously — based upon an "expectation" that certified mailing "should [take] no more than 2-3 days" (Filing No. 17-1, ¶¶ 14, 15). In a filing related to the show cause order, counsel represents he served the Complaint on November 28, 2023 (*see* Filing No. 15, ¶ 3). Miscalculation or not, that meant counsel elected to take a chance that service would be perfected at the last possible moment, if at all.

While the Court agrees that "half-hearted efforts" to serve a defendant will not excuse a plaintiff's service obligations under the Rules of Civil Procedure, *see Geiger*, 850 F.2d at 333, the Court ultimately finds that such a dismissal in this case would be inconsistent with this circuit's preference for resolution of cases on the merits rather than on technicalities. *Cox*, 2015 WL 13629146, at *2 n.2 (citing *e.g.*, *Paige v. Milwaukee Pub. Sch.*, No. 11-CV-00793, 2012 WL 1571504, at *2 (E.D. Wis. May 2, 2012) (citation omitted) (allowing for late service partly because "the law prefers that cases be resolved on their merits, not technicalities")).

After all, Forrest filed his Complaint on August 3, 2023, and the record before the Court shows that he perfected service one hundred and twenty days later, on December 1, 2023. It was not too long ago that 120 days was the presumptive time for serving a defendant. *See* Fed. R. Civ. Proc. 4 advisory committee's note to 2015 amendment (explaining change from 120 days to 90 days). While the Court finds Baptist Healthcare's arguments in favor of dismissal has merit, the Court cannot say that Forrest has contravened Rule 4(m)'s purpose of promoting "prompt movement of civil actions in federal courts." *Floyd v. United States*, 900 F.2d 1045, 1048 (7th

Cir.1990) (citing 2 J. Moore & J. Lucas, Moore's Federal Practice ¶ 4.46, at 4-433 n. 8 (2d ed. 1989) (internal quotations omitted)).

Accordingly, the Court, in its discretion, **denies** Baptist Healthcare's Motion to Dismiss. *See Coleman*, 290 F.3d at 934 ("[T]he case law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing [of] the deadline."). Going forward, the Court expects that Forrest will proactively work towards prompt compliance with all deadlines and rules.

In this regard, the Court notes Forrest's outstanding obligation under Rule 4(l) to file proof of service. Such proof must be made to the Court in non-waiver cases like here. *See Henderson v. Biel*, 2007 WL 2286129, at *7 (S.D. Ind. Aug. 7, 2007) ("Federal Rule 4 …, like the [Indiana] Trial Rules, requires proof of service, unless service is waived."). Save in instances where a United States marshal or deputy marshal completes service, the proof must be made "by the server's affidavit." Fed. R. Civ. Proc. 4(l). The Court expects proper proof of service to be filed by no later than **Thursday, April 18, 2024**.

### III. CONCLUSION

As the result of the judicial discretion afforded the Court under Federal Rule of Civil Procedure 4(m), Baptist Healthcare's Motion to Dismiss for Insufficient Service of Process (Filing No. 12) is **DENIED**. Proper proof of service must be filed by no later than **Thursday, April 18, 2024.**

**SO ORDERED**.

Date: 4/11/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher S. Wolcott
WOLCOTT LAW FIRM LLC
indy2buck@hotmail.com

Megan R. U'Sellis
FISHER & PHILLIPS
musellis@fisherphillips.com